UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § v. § DALIA VALENCIA, a.k.a. Dalia § Velasco, a.k.a. Dalia Krantz, a.k.a. Dalia § Krantz-Valencia (10), § § Defendant. § | CRIMINAL NO. EP-15-CR-0228-DB |

## UNITED STATES OF AMERICA'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND FOR ORDER OF MONEY JUDGMENT

The United States of America, by and through its United States Attorney for the Western District of Texas, Richard L. Durbin, Jr., and the undersigned Assistant United States Attorneys, respectfully moves this Honorable Court for the entry of a Preliminary Order of Forfeiture and an Order of Money Judgment, pursuant to 18 U.S.C. § 1963(a) and (l) and Fed. R. Crim. P. 32.2(b)(1) and (2), for the reasons explained below.

## Background

On or about October 28, 2015, Defendant DALIA VALENCIA (hereinafter, the "Defendant") was charged in a Fourth Superseding Indictment, EP-15-CR-0228 (ECF No. 476), with, among other offenses, conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (Count One).

The Indictment included a Notice of Government's Demand for Forfeiture, providing notice of the Government's intent to seek forfeiture pursuant to 18 U.S.C. § 1963.

On or about May 27, 2016, the Defendant pled guilty to Count One of the Fourth Superseding Indictment. The Defendant admitted the forfeitability of, *inter alia*, the following:

a. A sum of $12,480,000 in United States currency, representing a portion of the proceeds obtained as a result of the RICO conspiracy charged in Count One **(hereinafter referred to as the "Subject Money Judgment")**

b. Real property and appurtenances located at 2013 Thunder Ridge Drive, El Paso, Texas 79938, with all improvements and attachments thereon; and

c. Real property and appurtenances located at Lot 10, Block 491, HORIZON CITY (UNIT SIXTY-FOUR), an Addition in El Paso County, Texas, according to the Plat thereof recorded in Volume 20, Page 33, Plat Records of El Paso County, Texas, with all improvements and attachments thereon

**(Items (b) and (c) are referred to hereinafter as the "Subject Properties").**[1]

The Government now seeks forfeiture of the Subject Properties as property constituting and derived from proceeds obtained as a result of the conspiracy charged in Count One. In addition, the Government seeks forfeiture of the Subject Money Judgment, representing a portion of the proceeds obtained as a result of the conspiracy charged in Count One.

---

[1] The Defendant also agreed to the forfeiture of certain firearms, seized currency, and other real properties. The Government will be filing a motion for Preliminary Order of Forfeiture for the seized currency and other real properties in advance of the sentencing of certain co-defendants. The Government is not pursuing judicial forfeiture of the firearms, as they have been administratively forfeited.

## Discussion

A. **Applicable Law**

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, once a criminal defendant is convicted of the offenses giving rise to the forfeiture allegations — either by trial or plea — the district court must make a determination as to what property is subject to forfeiture under the applicable statute and enter a preliminary order of forfeiture. Rule 32.2(b)(1) states, in relevant part:

> (A) Forfeiture determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed. R. Crim. P. 32.2(b)(1)(A).

The forfeiture laws governing the Defendant's RICO offense broadly require defendants to forfeit, *inter alia*, "any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962." 18 U.S.C. § 1963(a)(3).

In addition to seeking forfeiture of specific property that constitutes or was derived from illegal proceeds, the Government may also seek the imposition of a forfeiture money judgment against the defendant. *See United States v. Olguin*, 643 F.3d 384, 395-98 (5th Cir. 2011)

(reaffirming a district court's entry of a money judgment against a defendant under 21 U.S.C. § 853 for the proceeds of his illegal drug activity).[2]

B. **<u>Proposed Preliminary Order of Forfeiture</u>**

Here, the Government has shown, by a preponderance of the evidence and by virtue of the Defendant's admissions, that the Subject Properties are forfeitable to the United States pursuant to 18 U.S.C. § 1963, as properties constituting and derived from proceeds obtained as a result of the offense charged in Count One. The Government therefore moves this Court for entry of a Preliminary Order of Forfeiture that forfeits all right, title, and interest of the Defendant in the Subject Properties to the United States. The Government also moves this Court to find that the Defendant has an interest in the Subject Properties.

The Government further moves this Court to authorize the Government to take certain steps to secure the properties and to commence ancillary forfeiture proceedings.

*First*, the Government moves the Court, pursuant to 18 U.S.C. § 1963(e) and Fed. R. Crim. P. 32.2(b)(3), to authorize the United States through its lawfully designated agents and agencies, including the United States Marshals Service and the Drug Enforcement Administration, to seize

---

[2] Although *Olguin* involved forfeiture under 21 U.S.C. § 853, the reasoning of *Olguin* applies equally to 18 U.S.C. § 1963. In reaching its decision, the *Olguin* court noted that "[t]he text of [§ 853] is plain and unambiguous, and we handle it according to its plain meaning." 643 F.3d at 395-96. Citing *Monsanto* and pointing to 21 U.S.C. § 853's broad definition of "property" as "real property . . . [and] tangible and intangible personal property," the court determined that it was "reluctant to create an exception for [the defendant's] personal money." *Id.* at 396. The Court thus held that 21 U.S.C. § 853 authorizes personal money judgments. Like 21 U.S.C. § 853, 18 U.S.C. § 1963 also subjects to forfeiture "any property constituting, or derived from, any proceeds" obtained from the offense, *see* 18 U.S.C. § 1963(a)(3), and similarly defines the term "proceeds," *see* 18 U.S.C. § 1963(b). *See also United States v. Nagin*, 810 F.3d 348, 353 (5th Cir. 2016) (money judgments are proper under § 981).

and take custody, control and possession of the Subject Properties, whether held by the Defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, and dispose of the properties.

*Second*, the Government moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(6)(A) and (C) and 18 U.S.C. § 1963(l)(1), to authorize the United States to cause publication for at least 30 consecutive days on an official government internet website (www.forfeiture.gov) of notice of the Preliminary Order of Forfeiture and of its intent to dispose of the Subject Properties in such manner as the United States directs. The Government further moves this Court to authorize that the contents of the published notice be in compliance with Fed. R. Crim. P. 32.2(b)(6)(B).

*Third*, the Government moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(6), to authorize the United States to send direct notice of the Preliminary Order of Forfeiture to any person or entity who reasonably appears to the United States to be a potential petitioner with standing to contest the forfeiture in the ancillary proceedings. The Government further moves this Court to order that Appendix A hereto be served on potential petitioners along with a copy of the Preliminary Order of Forfeiture.[3]

Finally, pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) and in an effort to promote judicial economy, the Government moves the Court to authorize the United States to commence discovery proceedings at the time that any petitions are filed in order to resolve any third-party issues,

---

[3] Appendix A, which is entitled "Direct Notice of Preliminary Order of Forfeiture," sets forth the appropriate procedures, deadlines and applicable statutes necessary to file a third-party petition.

including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

C. **Proposed Money Judgment**

The Government has also shown, by a preponderance of the evidence and by virtue of the Defendant's admissions, that she is liable for a money judgment in the amount of $12,480,000, representing a portion of the proceeds obtained as a result of the conspiracy offense charged in Count One. The Government therefore moves this Court for entry of the proposed "Order of Money Judgment," finding the Defendant jointly and severally liable for a money judgment in that amount (the "Money Judgment").

The Government further moves the Court to make findings and set forth certain procedures regarding collection of the Money Judgment.

*First*, the Government moves the Court to find that the Money Judgment is a criminal monetary penalty under Condition(s) 20, 21, and 22 of the United States Western District of Texas Conditions of Probation and Supervised Release. The Government further moves the Court to order that, should the Court assess a term of probation or supervised release, the Defendant shall pay said money judgment in accordance with a schedule of payments established by the United States Probation Office to commence after all other criminal debt has been satisfied pursuant to 18 U.S.C. §§ 3612(c), 3663(c)(5), and 3664(j).

*Second*, the Government moves the Court to order that the Defendant shall make payments by money order or certified check made payable to the "United States Marshals Service" and shall include the case number of the instant cause on all money orders or certified checks, which in this case is EP-15-CR-0228(10), and that said payments shall be sent to:

United States Attorney's Office
Attn: Asset Forfeiture Division
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

*Third*, the Government moves the Court to order that, pursuant to Fed. R. Crim. P. 32.2(e) and 18 U.S.C. § 1963(m), the United States shall, at its option, be entitled to the forfeiture of any other property (substitute assets) owned by the Defendant up to the value of the Money Judgment.

Lastly, the Government moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), to order that at the time of the Defendant's sentencing, the forfeiture of the Subject Properties and the Money Judgment be included in her Judgment in a Criminal Case.

WHEREFORE, PREMISES CONSIDERED, the United States of America respectfully moves this Court for entry of the proposed "Preliminary Order of Forfeiture" and the proposed "Order of Money Judgment."

Dated: March 10, 2017
El Paso, Texas

    Respectfully submitted,

    RICHARD L. DURBIN, JR.
    United States Attorney for the
    Western District of Texas

By:     /s/
    Anna E. Arreola
    NY Registration No. 4151775
    Daphne Newaz
    Texas Bar No. 24056036
    John Gibson
    Texas Bar No. 00793803
    Assistant United States Attorneys
    700 E. San Antonio, Suite 200
    El Paso, Texas 79901

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 10, 2017, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participant:

Clay Hernandez, Attorney for Dalia Valencia
Law Office of Clay Hernandez, PC
455 West Paseo Redondo
Tucson, Arizona 85701

                  /s/
                Anna E. Arreola
                Assistant United States Attorney