

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

United States of America, Plaintiff,

v.                                          Case No. 3:15-cr-00228-DB-10

Dalia Angelica Valencia, Defendant.

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO UNSEAL JUDICIAL RECORDS

## I. INTRODUCTION

Defendant **Dalia Angelica Valencia**, appearing pro se, respectfully submits this Memorandum in Support of her Motion to Unseal Judicial Records. Ms. Valencia seeks access to specific sealed materials in her criminal case—namely: (1) her Plea Agreement; (2) any Sealed Addendum or Supplement to the Plea Agreement; and (3) her Presentence Investigation Report ("PSR").

These records are necessary for Ms. Valencia to meaningfully exercise post-conviction rights, including the preparation of clemency and pardon petitions and related filings. The requested relief falls squarely within the framework articulated by the Fifth Circuit in *United States v. Sealed Search Warrants*, 868 F.3d 385 (5th Cir. 2017), which requires a case-specific balancing of the public's and the defendant's access rights against any legitimate governmental interest in continued sealing.

## II. ISSUE AND RELIEF SOUGHT

Whether the Defendant is entitled to access and review judicial records in her own case—specifically, her Plea Agreement, any sealed addenda thereto, and her Presentence Investigation Report—where she has demonstrated a legitimate and particularized need for such materials and the government cannot show that continued sealing serves a compelling interest.

**Requested Relief:** An order directing the Clerk of Court and the United States Probation Office to unseal or release to Defendant the above-referenced materials, or alternatively, to provide redacted copies protecting any still-sensitive investigative information.



## III. FACTUAL BACKGROUND

Ms. Valencia was charged in 2015 and entered a plea pursuant to a written agreement filed under seal in this Court. She was later sentenced following the preparation of a Presentence Investigation Report ("PSR"). The docket reflects that both the plea materials and PSR remain sealed.

Ms. Valencia has now completed her sentence and seeks access to these materials for the limited purpose of preparing executive clemency and pardon petitions, as well as potential other lawful post-conviction remedies. Despite multiple informal attempts, she has been unable to obtain these records from prior counsel or the government.

## IV. LEGAL STANDARD

### A. Common-Law Right of Access to Judicial Records.
The Fifth Circuit recognizes that "search-warrant materials are judicial records and are therefore subject to the common-law right of access." *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017). That right "is not absolute and can be overridden given sufficiently compelling reasons." Id. at 391. Determination of whether judicial records should be sealed or unsealed must be made "on a case-by-case basis, in which the court must balance the public's common-law right of access against the interests favoring nondisclosure." Id. at 392 (quoting SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993)). The Fifth Circuit further requires that the district court "articulate specific factual findings demonstrating why the interest in sealing outweighs the public's right of access." Id. at 393.

### B. Application to Plea Agreements.
Federal plea agreements, including sealed supplements or addenda, are judicial records subject to the same common-law presumption of access. Only in narrow circumstances—such as to protect the identity of cooperating witnesses or preserve ongoing investigations—may such records remain sealed.

### C. Presentence Investigation Reports.
Presentence Reports are governed by Fed. R. Crim. P. 32(e)–(i). Disclosure is permitted only upon a "compelling, particularized showing of need." *United States v. Huckaby*, 43 F.3d 135, 139 (5th Cir. 1995). Post-sentence disclosure may be warranted for purposes such as clemency or post-conviction review.

## V. ARGUMENT

### A. The Common-Law Right of Access Requires Case-Specific Balancing.
Under *Sealed Search Warrants*, this Court must balance Ms. Valencia's legitimate interest in access against any governmental interest in continued sealing.

**B. The Government Cannot Satisfy Its Burden.**
Generic claims of confidentiality are insufficient; specific factual findings are required. No such showing exists here.

**C. The Defendant's Particularized Need Is Compelling.**
Ms. Valencia seeks her own records for a narrow, lawful purpose: preparing executive clemency and post-conviction submissions.

**D. Redactions or Protective Orders Are Available.**
To the extent sensitive information exists, redaction or a protective order is sufficient.

## VI. CONCLUSION

For the foregoing reasons, Ms. Valencia respectfully requests that the Court:

1. Order the unsealing of her Plea Agreement and any related addenda, or alternatively direct the Clerk to provide redacted copies thereof; and

2. Authorize the United States Probation Office to provide Ms. Valencia a copy of the Presentence Investigation Report for the limited purpose of preparing clemency, pardon, and post-conviction submissions.

Respectfully submitted, this **3rd day of November, 2025.**

**Dalia Angelica Valencia**
7011 Alameda Avenue
El Paso, Texas 79915
(915) 505-1264
Email: **dalia72k@icloud.com**

## Certificate of Service

I hereby certify that on this **3rd day of November, 2025**, a true and correct copy of the foregoing was served upon the United States Attorney's Office for the Western District of Texas, El Paso Division, at the following address:

United States Attorney's Office
700 E. San Antonio Avenue, Suite 200
El Paso, Texas 79901

Service was accomplished via first-class mail.

Dalia Angelica Valencia